IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMAS RAY VIDAL, § | | |
| Dallas Cnty. Jail Bookin No. 19054941, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:20-cv-1507-X-BN | |
| § | | |
| BOARD OF PARDONS AND § | | |
| PAROLES, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tomas Ray Vidal, detained at the Dallas County jail, brings this *pro se* civil rights action apparently related to parole revocation proceedings and his continued detention. *See* Dkt. No. 3. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

On April 17, 2014, "Vidal pleaded guilty to possession of methamphetamine in an amount of four grams or more but less than 200 grams. Pursuant to a plea agreement, the trial court sentenced [him] to five years' imprisonment." *Vidal v. State*, No. 05-14-0536-CR, 2014 WL 2538885, at *1 (Tex. App. – Dallas June 5, 2014) (dismissing appeal for lack of jurisdiction); *see State v. Vidal*, No. F11-35123-W (363rd Jud. Dist. Ct., Dallas Cnty., Tex.).

According to records from the Dallas County jail, Vidal was booked in on November 16, 2019 related to three misdemeanor warrants, and, while the

misdemeanor prosecutions have now been dismissed, Vidal remains in custody pursuant to a hold indicating that he has been charged with violating his parole.

Against this background, Vidal now alleges that

> [t]he Beneficiary [Vidal], as trust estate, is imprisoned to satisfy personal obligations (as tax liability) of the trustees. The continued unlawful trespass has and is causing deteriorating health conditions, physical injuries, harm and wanton infliction of pain. The breach of trusteeship was accomplished through fraud, forged documents, false claims, violation of contract laws and antitrust laws. These indignities and humiliation suffered are by ex officio, acting under color of law, without a bona fide claim presented against the Trust estate or any liability evidence to State or Federal State Statutes.

Dkt. No. 3 at 4.

Even putting aside his use of sovereign citizen language,[1] the relief that Vidal seeks is not apparent.

But, to the extent that Vidal seeks release from confinement, habeas is the proper remedy, not a civil rights action. *See, e.g., Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) ("[C]hallenges to the fact or duration of confinement are properly brought under habeas." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment,

---

[1] *See, e.g., Westfall v. Davis*, No. 7:18-cv-23-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) ("So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to 'avoid paying taxes, extinguish debts, and derail criminal proceedings.' However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." (citations omitted)), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018).

and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); citation omitted)).

But if, through this civil rights action, Vidal brings constitutional challenges to an ongoing parole revocation proceeding – and those challenges, if successful, would *not* entitle him to accelerated release from custody (if they would, habeas, again, would be the proper vehicle to request relief)[2] – the Court should abstain from considering his claims.

42 U.S.C. § 1983 "is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)). But that provision of federal law "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Id.* (quoting *Mitchum*, 407 U.S. at 243; citing *Younger v. Harris*, 401 U.S. 37, 43-47 (1971)).

Under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings.

---

[2] *See Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998) ("[A]lthough a § 1983 suit can be used to challenge unconstitutional parole procedures, when a prisoner challenges the result of a specific defective parole hearing or the board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued in a habeas corpus proceeding." (citing *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *In re Cain*, 137 F.3d 234 (5th Cir. 1998))); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("If 'a favorable determination ... would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." (citation omitted)).

*Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)); internal quotation marks omitted). As such, "*Younger* abstention applies to pending criminal proceedings as well as parole revocation proceedings affecting state court orders." *George v. Colo. Dep't of Corrs.*, No. 15-cv-0436-LTB, 2015 WL 2398179, at *2 (D. Colo. May 18, 2015) (citations omitted).

The doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23. All three conditions are met here *if* state court proceedings are ongoing as to Vidal's parole revocation. *See, e.g., George*, 2015 WL 2398179, at *2.

And if those proceedings have concluded, *Younger* abstention would not apply,

but the *Heck* bar would. *See generally Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

"[T]he rule set forth in *Heck* applies to a challenge to the validity of confinement resulting from a parole-revocation hearing." *Johnson v. Murray*, 420 F. App'x 327, 328 (5th Cir. 2011) (per curiam) (citing *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)). So, to the extent that Vidal brings a "claim for damages based upon the revocation of his parole and his continued incarceration," that claim "implicates the validity of the revocation hearing." And he does "not explicitly argue that the parole revocation has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (citing *Heck*, 512 U.S. at 486-87; *McGrew*, 47 F.3d at 161). Such a claim is therefore currently barred by *Heck* and therefore subject to dismissal as frivolous.

For these reasons, and given the circumstances here – in particular the less than clear claims presented in the complaint – the Court should dismiss this action

without prejudice, although if *Younger* does apply (which is, again, not clear), generally, the better course under *Younger* is to stay rather than dismiss without prejudice. *See, e.g., Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

## Recommendation

For the reasons and to the extent explained above, the Court should dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 15, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE